UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-29-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| VONITA ALBERTO MONDRAGON ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Revoke Detention Order (Doc. 20). The Motion was originally heard orally before the Magistrate Judge on June 25, 2012, and Defendant appealed to the undersigned on June 29, 2012.

Defendant is subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). Defendant seeks release pursuant to 18 U.S.C. § 3145©, arguing that there are "exceptional reasons why [her] detention would not be appropriate." 18 U.S.C. § 3145©. She specifically submits that the following circumstances warrant her release pending sentencing: (1) she is the sole caretaker and financial provider for her mother; (2) she has been in compliance with the terms and conditions of her release; (3) although guilty of drug related offenses, she herself does not have a drug problem; (4) she has cooperated with the government; and (5) she has no criminal history. Additionally, the defendant argues that she does not present a flight risk, and her continued release would not pose a danger to the community (Doc. 20).

The Court has reviewed the record and concludes that the Defendant does not satisfy the requirements for release under § 3145(c). None of the circumstances cited by the defendant have been found to meet the "exceptional" standard set forth in the statute. "Courts generally

have defined 'exceptional reasons' as circumstances which are 'clearly out of the ordinary, uncommon, or rare.'" United States v. Vilaiphone, 2009 WL 412958 at *2 (W.D.N.C. 2009) (citing United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (parenthetical omitted); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) (parenthetical omitted)). Defendant's cooperation with the Government and her compliance with her terms of release are not exceptional. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor is it clearly out of the ordinary, uncommon or rare for defendant to cooperate in the investigation of their criminal acts."). See also Vilaiphone, 2009 WL 412958; United States v. McGillivray, 2012 WL 1317409 (W.D.N.C. 2012). Further, one's lack of criminal record does not constitute an exceptional circumstance. See Lea, 360 F.3d at 403.

Most importantly, while the Court is cognizant of the hardships the Defendant's detention will create for her mother, "such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as 'exceptional reasons' under § 3145(c)." Villaiphone, 2009 WL at *2 (citing United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp. 504, 508 (D.Md. 1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")). See also United States v. Lippold, 175 F.Supp.2d 537, 540 (S.D.N.Y. 2001); McGillivray, 2012 WL at *2; United States v. Willis, 2011 WL 1542140 (W.D.N.C. 2011).

Accordingly, for the foregoing reasons, IT IS THEREFORE ORDERED THAT

Defendant's Motion to Revoke Detention Order (Doc. 20) is DENIED, and the Magistrate Judge's order is AFFIRMED (Doc. No. 20-1).

    IT IS SO ORDERED.

Signed: July 16, 2012

Frank D. Whitney
United States District Judge